UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA R. WILCOX,

      Plaintiff,                        Case No.:

v.

GREEN TREE SERVICING, LLC,

      Defendant.
_____/

## **COMPLAINT**

COMES NOW Lisa R. Wilcox, by and through the undersigned counsel, sues

Defendant Green Tree Servicing, LLC (hereafter "Green Tree") and alleges:

1. Plaintiff alleges violations of the Florida Consumer Collection Practices Act, Florida

   Stat. Chap. 559 (FCCPA) and Telephone Consumer Protection Act, 47 U.S.C. §227 *et*

   *seq.* (hereinafter "TCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28

   U.S.C. §§1331.

3. The alleged violations described in the Complaint occurred in Pinellas County,

   Florida.

4. At all times material hereto, Defendant GREEN TREE was a for-profit corporation

   with a principal place of business in Wilmington, Delaware.  Defendant GREEN

TREE conducts business in the State of Florida and maintains agents for the transaction of its customary business in substantially every county in Florida.

5. Plaintiff is a resident of Pinellas County, Florida.

6. GREEN TREE is a loan servicer that services the mortgage upon Plaintiff's residence. GREEN TREE falls within the Securities and Exchange Commission's ("SEC") definition of a loan servicer.

7. In its capacity as a loan servicer, GREEN TREE acts as a third-party debt collector for the owner of the mortgage on Plaintiff's home. GREEN TREE, for purposes of the FCCPA and Fair Debt Collection Practices Act ("FDCPA"), is a debt collector.

8. The owner of the mortgage on Plaintiff's home is believed to be a government sponsored enterprise (GSE), either Federal National Mortgage Association (Fannie Mae) or Freddie Mac.

9. Plaintiff has been assigned cellular telephone number (813) 720-0064 since December 2010.

10. On information and belief, Defendant made telephone calls to Plaintiff's cellular telephone number that were placed using automated telephone dialing equipment, without human intervention.

11. Each call Defendant made to Plaintiff was made using an "automatic telephone dialing system" that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. §227(a)(1).

12. Each call Defendant made to Plaintiff's cellular phone was done so without the "express permission" of Plaintiff.

13. GREEN TREE was aware that Plaintiff was represented by counsel as Plaintiff is a

    Defendant in a foreclosure action filed by GREEN TREE. The Pinellas County Case

    Number is 12-013086-CI. In the aforementioned case, Plaintiff's counsel entered a

    notice of appearance on November 16, 2012.

14. On or about  December 2, 2011 and November 9, 2012,  auto-dialed calls with

    a pre-recorded message from GREEN TREE called a third party-Alan

    Wilcox's residential land line phone number 813-684-4559 and discussed

    Plaintiff's debt.

15. GREEN TREE called Plaintiff's cellular phone number, using an auto dialer

    and a pre-recorded message, without Plaintiff's consent on or about May 31,

    2012, May 28, 2012, May 22, 2012, June 5, 2012, June 8, 2012, June 25,

    2012, June 15, 2012, November 9, 2012, May 7, 2013, August 2, 2013,

    October 31, 2013, November 1, 2013 and November 5, 2013.


**COUNT I-VIOLATION OF FLORIDA CONSUMER COLLECTION**

**PRACTICES ACT (FCCPA)**

16. Plaintiff re-alleges paragraphs 1-15 as if fully set forth herein.

17. Plaintiff's financial obligation to pay the mortgage on her home is a consumer debt as

    defined by F.S. 559.55(1).

18. Plaintiff is a "consumer" and "debtor" as defined by F.S. 559.55(2).

19. GREEN TREE is a "debt collector" as defined by F.S. 559.55(6) or in the alternative

    is an "out-of-state debt collector" as defined by F.S. 559.55(8).

3

20. By the Notice of Appearance dated November 16, 2012, Plaintiff's counsel put
GREEN TREE on notice that Plaintiff was represented by counsel with respect to the
mortgage on her residence.

21. F.S. 559.72 states, in pertinent part:

    Prohibited Practices:
    --In collecting consumer debts, no person shall:
    (18) Communicate with a debtor if the person knows that the debtor is
    represented by an attorney with respect to such debt and has knowledge
    of, or can readily ascertain, such attorney's name and address, unless the
    debtor's attorney fails to respond within a reasonable period of time to a
    communication from the person, unless the debtor's attorney consents to a
    direct communication with the debtor, or unless the debtor initiates the
    communication;

22. On or about October 29, 2012, GREEN TREE filed an action to foreclose on
Plaintiff's home.

23. The telephone calls to Lisa R. Wilcox caused her stress, aggravation, anxiety,
embarrassment, and are harassing.

24. These calls are being made to Plaintiff's cellular telephone without her
permission.

25. Plaintiff believes these calls disrupt her self-employment and will be a source
of embarrassment in the presence of prospective clients while out in public.

26. Pursuant to F.S. 559.77, Plaintiff is entitled to her actual damages, together
with statutory damages of up to $1,000.00 per violation.

**WHEREFORE** Plaintiff LISA R. WILCOX demands judgment for damages
together with interest, costs and attorney's fees pursuant to Florida Statutes §§559. 77,
RESPA 12 U.S.C §2605, TILA, and the FDCPA legal assistants' fees pursuant to
§57.104, Florida Statutes, and costs pursuant to §92.231, Florida Statutes and §57-041,

Florida Statutes, and any and all further relief as this Court deems just and proper, and further demands a trial by jury on all issues.

## COUNT II-VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA)

27. Plaintiff re-alleges paragraphs 1-20 as if set forth fully herein.

28. Upon information and belief, GREEN TREE utilized an automatic or predictive dialer or a pre-recorded voice to call Plaintiff's cellular phone.

29. Plaintiff did not give GREEN TREE permission or consent to call her cellular phone.

30. If, ad arguendo, GREEN TREE ever had Plaintiff's permission to call her cell phone, such permission was revoked by counsel's notice that Plaintiff was represented by an attorney.

31. The TCPA provides in 47 U.S.C. 227(b)(3):

> (3) **PRVATE RIGHT OF ACTION.**—A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

32. Defendant violated the TCPA.

33. Defendant's violation of the statute was willful.

34. Plaintiff is entitled to damages of $1,500.00 for each call willfully placed to
her cellular phone. In the event the Court finds the calls were not willful then
Plaintiff is entitled to damages of $500.00 per call.

WHEREFORE Plaintiff LISA R. WILCOX demands judgment for damages together
with interest, costs and attorney's fees pursuant to Florida Statutes §§559. 77, RESPA 12
U.S.C §2605, TILA, and the FDCPA legal assistants' fees pursuant to §57.104, Florida
Statutes, and costs pursuant to §92.231, Florida Statutes and §57-041, Florida Statutes,
and any and all further relief as this Court deems just and proper, and further demands a
trial by jury on all issues.

**/s/ W. John Gadd**
W. John Gadd, Esq.
Florida Bar No.: 0463061
Law Office of W. John Gadd, P.A.
2727 Ulmerton Road Suite 250
Clearwater, Florida 33762
Telephone: 727-524-6300
Email: wjg@mazgadd.com
